## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

INA JEAN FLETCHER,

     Plaintiff,

v.

LARIMER COUNTY SHERIFF'S OFFICE,
JAMES A. ALDERDEN, individually and in his official capacity as Sheriff for the Larimer County Sheriff's Office,

     Defendants.

---

## COMPLAINT

---

**COMES NOW,** the Plaintiff above named, by her attorneys BRUNO, COLIN, JEWELL & LOWE, P.C., by Michael T. Lowe, and by way of Complaint against the Defendants, alleges, states and avers as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1.     The within action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. (hereinafter "ADEA"); as such, this court has jurisdiction pursuant to 28 U.S.C. § 1331 which grants original jurisdiction to federal district courts for all civil actions arising under laws of the United States and/or pursuant to 28 U.S.C. § 1337 which grants original jurisdiction to federal district courts for civil actions arising under any Act of

Congress regulating commerce.

2.      The ADEA, at 29 U.S.C. § 626(b) and (c), confers jurisdiction to the appropriate court to grant such legal and equitable relief as may be appropriate to effectuate the purposes of the ADEA; in addition, the ADEA incorporates the powers, remedies and procedures provided in §§ 11(b), 16 (except for subsection (a) thereof), and 17 of the Fair Labor Standards Act of 1938, as amended, and § 217 thereof, codified at 29 U.S.C. § 217, provides that the federal district courts shall have jurisdiction to issue injunctive relief.

3.      All conditions precedent to a private enforcement action under the ADEA have been satisfied; that in this regard, the Plaintiff herein has filed a charge of discrimination on the basis of age with the state enforcing agency, the Colorado Civil Rights Division (hereinafter "CCRD") in a timely manner, to wit: Within six (6) months and/or three hundred (300) days of the date that the Plaintiff was terminated from her employment, which is the action of the Defendants of which Plaintiff complains herein.

4.      The Defendant herein made the decision to terminate Plaintiff, which is the subject of this Complaint, on or about June 26, 2006; the Plaintiff learned of the Defendant's termination decision on June 26, 2006.

5.      The Plaintiff filed her charge of discrimination with the CCRD on December 26, 2006.

6.      The CCRD accepted the filing of Plaintiff's charge of discrimination on behalf of the federal enforcing agency, the Equal Employment Opportunity Commission (hereinafter "EEOC") as well as on behalf of the CCRD; in this regard, the EEOC submitted correspondence to the Plaintiff

confirming its receipt of Plaintiff's charge and advising Plaintiff that she may bring a private action after the conclusion of sixty (60) days following the filing of the charge; that a copy of said correspondence is attached hereto, made a part hereof and incorporated herein by reference as Exhibit A.

7.       More than sixty (60) days have elapsed since the filing of Plaintiff's charge of discrimination with the CCRD and EEOC.

8.       The Plaintiff has received a right-to-sue letter from the CCRD and a Notice of Closing Action before the CCRD and that said letter is dated July 30, 2007; this Notice of Closing Action was mailed to the Plaintiff on that date and was received by Plaintiff, through her counsel, on July 31, 2007; this Notice and right-to-sue letter, together with the Certificate of Mailing, is attached hereto, made a part hereof and incorporated herein by reference as Exhibit B.

9.       This action is commenced within ninety (90) days of the date of mailing of the Notice of Closing Action and within ninety (90) days of the date upon which the jurisdiction of the CCRD ceased, and is therefore timely filed.

10.      This court has supplemental jurisdiction over the state claim brought herein through 28 U.S.C. § 1367(a) in that the state claim is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

11.      All conditions precedent to the State claim have been satisfied as set forth in Paragraphs 3 through 9 hereinabove.

**PARTIES**

12.     That the Plaintiff herein is a citizen of the United States and a resident of the State of Colorado.

13.     That at all times pertinent hereto, the Plaintiff herein was a full-time employee of the Larimer County Sheriff's Office, maintaining status as a Deputy Sheriff.

14.     Defendant Sheriff James A. Alderden is the elected Sheriff of Larimer County, Colorado, and in such capacity is responsible for the operation and administration of the Larimer County Sheriff's Office, as well as the official acts of its deputies, supervisors, and Undersheriff. Sheriff Alderden was and is the individual with final policy making authority at the Larimer County Sheriff's Office with regard to its promotional practices, duty assignment policies and investigation of complaints of gender discrimination and retaliation. Sheriff Alderden had and has, final decision making authority to direct that an investigation of allegations of age discrimination be undertaken and to take action based upon the outcome of such investigation. Sheriff Alderden was acting under color of law in connection with all matters addressed herein. The Larimer County Sheriff's Office is a governmental entity that provides law enforcement and detention services for the citizens of Larimer County, Colorado. At the time of the incidents complained of hereinbelow, the Larimer County Sheriff's Office employed approximately 400 (four hundred) sworn and non-sworn personnel.

15.     All of the actions and/or omissions of the Defendant giving rise to the within matter were committed and/or performed  in the County of Larimer, State of Colorado.

## GENERAL ALLEGATIONS

16.     The allegations and averments made and contained in paragraphs 1 through 15 of the Jurisdictional Allegations of the Plaintiff's Complaint are restated and realleged as if herein specifically set forth *verbatim*.

17.     The Plaintiff herein was employed by the Larimer County Sheriff's Office as a full-time Deputy Sheriff for approximately 20 (twenty) years, from 1986 to June 2006, when the Plaintiff was terminated.

18.     At the time of Plaintiff's termination, she was approximately 61 (sixty-one) years old.

19.     The Plaintiff was then re-employed by the Larimer County Sheriff's Office in the full-time position of a Deputy Sheriff on or about March 19, 2007; the Plaintiff worked in that position from that date until approximately April 23, 2007, at which time Plaintiff voluntarily resigned.

20.     The Plaintiff's performance evaluations during her tenure with the Larimer County Sheriff's Office have been consistently standard and/or above standard, her disciplinary history is excellent, and Plaintiff consistently maintained her qualifications in firearms and physical fitness up to the date of her termination.

21.     In mid-2005, despite her excellent work history, and with no foundation for doing so, Plaintiff's supervisors within the Larimer County Sheriff's Office began expressing concerns for Plaintiff's "safety" as a Deputy assigned to the patrol division.

22.     Comments concerning the Larimer County Sheriff's concern for Plaintiff's "safety" were also made to Plaintiff's husband.

23.     No basis has ever been provided for the alleged concerns for Plaintiff's "safety" expressed by Larimer County Sheriff supervisory personnel.

24.     During this time, Plaintiff's direct supervisors made comments to other Deputy Sheriffs within the patrol division indicating that these supervisors wished Plaintiff to be removed from her position as a Deputy Sheriff, and were making plans to do so; these comments insinuated that Plaintiff was no longer a useful Deputy because of her age.

25.     In the latter part of 2005, comments were made by at least one of Plaintiff's supervisors suggesting that the duties of a patrol deputy "need to be left to the younger guys," and suggested to Plaintiff that she should transfer out of her position as a patrol Deputy if another position within the Larimer County Sheriff's Office came open.

26.     In late 2005 or early 2006, a position at the Front Desk of the Larimer County Sheriff's Office became open, and Plaintiff was urged by several of her supervisors to transfer out of the patrol division and take the Front Desk position. Several comments made to Plaintiff by her supervisors during this period suggested that if she did not take the Front Desk position, the Sheriff would be "disappointed" and she would be terminated as a result.

27.     The Front Desk position would have removed Plaintiff from her duties as a patrol Deputy, and also entailed a significant pay cut. In addition, pursuant to Larimer County Sheriff policies and procedures, a transferred employee is placed back on probationary status, and cannot administratively appeal any adverse employment actions taken against them during their probationary period.

28.     Because Plaintiff felt that if she did not accept the Front Desk position she would be fired, she accepted the position despite the fact that she did not have the necessary administrative skills, such as typing and computer data management, to perform well in the position.

29.     Upon information and belief, Plaintiff's position in the patrol division was filled by a person substantially younger than she was.

30.     When her lack of training and experience for the Front Desk position was brought to the attention of her supervisors, Plaintiff was promised that she would be given plenty of time to learn these new skills, and not to worry.

31.     Despite these promises, Plaintiff's performance at the Front Desk position was unfairly scrutinized by her supervisors, Plaintiff was admonished for minor clerical errors that other Front Desk personnel committed and were not admonished for, and such minor concerns with her performance were used as pretext to terminate her employment on June 26, 2006.

32.     Following notification to Sheriff Alderden that she intended to file an age discrimination claim based on her termination, Plaintiff was offered a return to her original patrol position with the Larimer County Sheriff's Office in February, 2007.  Plaintiff accepted that offer, but voluntarily resigned from the Larimer County Sheriff's Office on April 23, 2007.

33.     That on or about July 30, 2007, the director of the CCRD issued his Notice of Right to Sue which was issued without any finding of whether probable cause existed to believe Defendant had discriminated against the Plaintiff on the basis of age.

34.     That the CCRD attempted conciliation between the parties, but such conciliation efforts failed as the parties failed to reach any resolution of the within dispute.

## FIRST CLAIM FOR RELIEF
### (ADEA / 29 U.S.C. § 621 *et. seq.*)

35.     That the allegations and averments made and contained in paragraphs 1 through 34 of the Plaintiff's Complaint are restated and realleged as if herein specifically set forth *verbatim.*

36.     That each party herein is a "person" as defined in the ADEA in that Plaintiff is an individual and the Larimer County Sheriff's Office is a corporation and/or "any organized group of persons."

37.     That, at all times pertinent hereto, the Plaintiff was and is an "employee" as defined in the ADEA in that Plaintiff is an individual employed by an "employer," to wit: the Larimer County Sheriff's Office.

38.     That the Larimer County Sheriff's Office is an "employer" as defined in the ADEA in that the Larimer County Sheriff's Office is a person engaged in an industry affecting commerce, who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year and/or the Larimer County Sheriff's Office is a political subdivision of a State.

39.     That, at all times pertinent hereto, the Plaintiff was and is an individual who was and is at least forty (40) years of age.

40.     That the Plaintiff was qualified for the position of patrol Deputy in that the Plaintiff satisfied all of the minimum requirements and/or qualifications for said position.

41.     That the Plaintiff was pressured into transferring to a position within the Larimer County Sheriff's Office for which she had no training, so that her position as a patrol Deputy could

8

be filled by a younger person, and so that Plaintiff would be unable to exercise any administrative appeal rights available to her under the policies and procedures of the Larimer County Sheriff, and so Plaintiff could be easily terminated from employment with the Larimer County Sheriff's Office as a result of her age.

42. That the person selected by the Larimer County Sheriff's Office to fill the available patrol Deputy position at issue herein was substantially younger than the Plaintiff.

43. That the Plaintiff was equally or more qualified than the person who was selected by the Larimer County Sheriff's Office to fill the patrol Deputy position which is at issue herein.

44. That the Plaintiff was pressured to transfer out of the patrol Deputy position and was ultimately terminated from her employment because of her age.

45. That the Larimer County Sheriff's Office otherwise discriminated against Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment, because of Plaintiff's age.

46. That the forced transfer and termination of Plaintiff by the Larimer County Sheriff's Office because of Plaintiff's age was a willful violation of the ADEA in that the Larimer County Sheriff's Office knew, or showed reckless disregard for whether such conduct was prohibited by the ADEA.

47. That as a direct and proximate result of the actions of the Larimer County Sheriff's Office, as set forth herein, the Plaintiff has suffered and continues to suffer loss of pay and benefits, loss of status, loss of career mobility opportunities, loss of attorney fees and costs, and such other economic losses as may be demonstrated at the time of trial.

## SECOND CLAIM FOR RELIEF
### (C.R.S. 24-34-401 *et. seq.*)

48.     That the allegations and averments made and contained in paragraphs 1 through 47 of the Plaintiff's Complaint are restated and realleged as if herein specifically set forth *verbatim*.

49.     That each of the parties hereto is and was, at all times pertinent, a "person" as that term is defined in C.R.S. 24-34-301.

50.     That the Larimer County Sheriff's Office is a political subdivision or agency of the State of Colorado and/or is a "person" employing "persons" within the State, and as such, is an "employer" as defined in C.R.S. 24-34-401.

51.     That the Plaintiff herein, at all times pertinent hereto, was and is a "person" employed by an "employer," to wit: The Larimer County Sheriff's Office, and as such, was and is an "employee" as that term is defined in C.R.S. 24-34-401.

18.     That the Plaintiff was "otherwise qualified" for the position of patrol Deputy as that term is used in C.R.S. 24-34-402.

19.     That at the time of the actions by Defendants giving rise to this claim, as set forth hereinabove, the Plaintiff was over forty (40) years of age and less than seventy (70) years of age.

20.     That the Larimer County Sheriff's Office forced Plaintiff to transfer out of her position as a patrol Deputy and subsequently terminated her because of Plaintiff's "age" as that term is defined in C.R.S. 24-34-301.

21.     That as a direct and proximate result of the actions of the Defendants, as set forth herein, the Plaintiff has suffered and continues to suffer loss of pay and benefits, loss of status, loss

of career mobility opportunities, loss of attorney fees and costs, and such other economic losses as may be demonstrated at the time of trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants on all claims and requests the Court award Plaintiff all back pay, benefits and seniority, front pay, attorney fees, costs, liquidated damages, prejudgment interest and any other legal and/or equitable relief to which Plaintiff may be entitled.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated this 26th day of October, 2007.

Respectfully submitted,

BRUNO, COLIN, JEWELL & LOWE, P.C.

s/*Michael T. Lowe*

_____
Michael T. Lowe
1560 Broadway, Suite 1099
Denver, CO 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
mlowe@bcjlpc.com

*Attorneys for Plaintiff*